IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TALIA ROSE HALFORD,

    Plaintiff,

v.                                                                                                    CV 19-0413 JHR

ANDREW SAUL,
Commissioner of Social Security,

    Defendant.

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Commissioner's Motion to Alter or Amend Judgment Pursant (sic) to Fed. R. Civ. P. 59(e). [Doc. 30], filed August 4, 2020. Ms. Halford responded on August 17, 2020. [Doc. 31]. The parties consented to the undersigned Magistrate Judge entering Final Judgment in this appeal of the Commissioner's administrative denial of social security benefits pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73(b). [Docs. 4, 6 & 7]. Having reviewed the parties present and past briefing and the Administrative Record ("*AR*"),[1] the Court **denies** the Commissioner's Rule 59(e) Motion, **affirms** its judgment entered on July 7, 2020, and **remands** this case for further administrative fact finding.

**I.**     **BACKGROUND**[2]

The Court granted Ms. Halford's Motion to Remand her case for further administrative fact finding because the Administrative Law Judge ("ALJ") who decided her claims for social security

---

[1] Documents 11 through 11-21 comprise the sealed Certified Transcript of the Administrative Record ("*AR*") for this appeal. The Court cites the Record's internal pagination, rather than the CM/ECF document and page numbers.

[2] The full procedural history of this case is laid out in the Court's Memorandum Opinion and Order, which granted Ms. Halford's Motion to Remand on July 7, 2020. [*See* Docs. 17, 22, 25, 27 (pp. 5-8)]. The Court only discusses here factual background pertinent to resolution of the present Motion.

1

benefits failed to follow binding Tenth Circuit law (*Trimiar v. Sullivan*, 966 F.2d 1326 (10th Cir. 1992)), when she found that the 12,900 jobs within Ms. Halford's residual functional capacity ("RFC") "existed in significant numbers in the national economy[.]" [*See* Doc. 27, p. 11 (quoting *AR* at 1746)]. The Commissioner argues that this holding was error warranting amendment of the Court's judgment considering the Tenth Circuit decision in *Garcia v. Comm'r, SSA*, 817 F. App'x 640 (10th Cir. June 24, 2020) (unpublished).³ *Trimiar* is irrelevant in cases involving national numbers says *Garcia*, at least so argues the Commissioner, because the ALJ in this case made a factual "finding" that 12,900 national jobs was "significant" in Ms. Halford's case. [Doc. 30, p. 3-6]. Having considered this argument, which the Court notes mirror the arguments made in the Commissioner's initial Response Brief [*see* Doc. 22, pp. 22-24], the Court again rejects the Commissioner's position and finds that amending the judgment in this case would be an abuse of discretion under Rule 59(e).

## II.   ANALYSIS

Federal Rule of Civil Procedure 59(e) states only that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). That requirement was met. Still, the Commissioner bears the burden to show that the Court has "misapprehended the facts, a party's position, or the controlling law." *Nelson v. City of Albuquerque*, 921 F.3d 925, 929 (10th Cir. 2019) (quoted authority omitted). Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Id.* (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). It is an abuse of discretion and error of law for a district court to grant a motion

---

³ As Ms. Halford points out, the Circuit explicitly stated that its "order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel." *Garcia v. Comm'r, SSA*, 817 F. App'x 640, 642 n. 1 (10th Cir. 2020) (unpublished). However, because unpublished circuit decisions are very persuasive to courts within their jurisdiction, this Court has undertaken its duty to examine *Garcia*'s applicability here.

brought under Rule 59 which reargues or elaborates on arguments already decided or which could have been raised prior to entry of judgment. *See id.* at 930. The Commissioner has failed to show that relief is warranted under Rule 59(e).

### A. The Court did not misapprehend the facts, the Commissioner's position, or the controlling law.

"Rule 59(e) motions may be granted when the court has misapprehended the facts, a party's position, or the controlling law." *Nelson*, 921 F.3d at 929 (quoted authority omitted). Here, the Commissioner has failed to demonstrate any misapprehension.

The Court explained in its Memorandum Opinion and Order granting Ms. Halford's Motion to Remand:

> Despite the Commissioner's present position that ALJ Richter "explicitly found that 12,900 nationwide jobs was a significant number[]" and that the Court must, therefore, "defer to it under the highly-deferential substantial evidence standard[,]" [Doc. 22, p. 23], the truth is that the ALJ's significant numbers finding was supported only by boilerplate statements of legal principles followed by a description of VE Provine's testimony, more boilerplate statements, and a conclusory paragraph stating that Ms. Halford "was capable of making a successful adjustment to other work that existed in significant numbers in the national economy[]" prior to October 24, 2017. *AR* at 1746. The Court is thus unconvinced by the Commissioner's attempt to distinguish its prior decisions in *Roybal* and *Laney* on the grounds that the *Trimiar* analysis was undertaken here, but not there. [*See* Doc. 22, p. 23].

[Doc. 27, p. 13]. The Court did not misapprehend the facts of this case: the ALJ failed to comply with the mandates of *Trimiar* by offering only boilerplate statements to support her finding of "significant numbers." The Commissioner's repeated argument to the contrary, [*see* Doc. 30, pp. 2, 4-6], does not cure the deficiency of the ALJ's analysis.

Second, the Court did not misapprehend the Commissioner's position. The Court understood that, if the ALJ properly considered the *Trimiar* factors, the standard of review would be substantial evidence. [Doc. 27, p. 13]. The Commissioner clearly argues that the ALJ satisfied

*Trimiar* in reaching the factual finding that there are "significant numbers" of jobs available to Ms. Halford. But the ALJ referenced *none* of the *Trimiar* factors. [*AR* at 1746]. That alone distinguishes this case from *Garcia*, where the claimant argued that the ALJ omitted discussion of *two* of the pertinent factors. *Garcia v. Commissioner, SSA*, 817 F. App'x 640, 649 (10th Cir. 2020) (unpublished).

Further distinguishing *Garcia*, the lowest number of jobs at issue there was 20,500; here there are only 12,900. That numerical difference is sufficient to counsel caution before leveraging *Garcia* to alter this judgment. To illustrate, Magistrate Judge Vidmar addressed, post-*Garcia*, the argument that an ALJ need only utter the words "significant numbers" to render a case unreviewable by a federal district court, concluding that the Commissioner's distinction between "harmless error" and "substantial evidence" cases is "not as meaningful as Defendant argues." *Mitchell v. Saul*, 2020 WL 4201855, p. *6 (D.N.M. July 22, 2020). As here, Judge Vidmar noted the ALJ's lack of discussion of any *Trimiar* factors, leaving "no analysis of any kind explaining how the ALJ determined that 12,900 was significant." *Id.*

Further delimiting *Garcia,* the Tenth Circuit issued another unpublished decision, *Kimes v. Commissioner, SSA*, 817 F. App'x 654 (10th Cir. 2020), albeit in the harmless error context, calling 16,000 jobs "a relatively low number[.]" *Id.* at 659. In sum, the Court followed the controlling law in this case and is unpersuaded that *Garcia* requires this Court's judgment to be altered or amended.

As the Court has not misapprehended the facts, the Commissioner's position, or the controlling law, the Commissioner has not met the standard for relief under Rule 59(e).

**B. The Commissioner's arguments were or could have been raised before entry of judgment in this case.**

Apart from its substantive inadequacy, the Commissioner's motion is procedurally barred. Rule 59 "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment[,]" *Nelson*, 921 F.3d at 929 (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)). To grant a Rule 59 motion which only reargues or elaborates on arguments already decided or which could have been raised prior to entry of judgment is an abuse of discretion. *See id.* at 930. Citation to *Garcia* does not rejuvenate the Commissioner's original arguments, not only because *Garcia* is distinguishable, but also because the Commissioner could have alerted the Court to *Garcia* before entry of judgment; the Tenth Circuit filed *Garcia* on June 24, 2020, before judgment was entered in this case on July 7, 2020. [Doc. 31]. Therefore, to rely upon *Garcia* and amend this judgment would be an abuse of discretion.

### III. CONCLUSION AND ORDER

Wherefore, because the Commissioner failed to meet the requirements of Rule 59 to amend a judgment, the Court **denies** his Motion. [Doc. 30]. The Court's judgment is undisturbed, and this case is **remanded** to the Administration for further fact finding consistent with *Trimiar*.

_____
JERRY H. RITTER
U.S. MAGISTRATE JUDGE
*Presiding by Consent*